**Parminder SINGH, Plaintiff–Appellant,**

v.

**Robert MAGEE, individually and in his capacity as an employee of the Immigration and Naturalization Service; Cecyle Andrews, individually and in her capacity as an employee of the Immigration and Naturalization Service; Roberto Morales, individually and in his capacity as an employee of the Immigration and Naturalization Service; and Anthony Marian, individually and in his capacity as an employee of the Immigration and Naturalization Service, Defendants–Appellees.**

**No. 99–17345.**

**D.C. No. CV–94–4146 CAL.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 13, 2000.*

Decided Jan. 12, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before THOMPSON, O'SCANNLAIN, and TASHIMA, Circuit Judges.

MEMORANDUM **

Parminder Singh ("Singh") sued four Immigration and Naturalization Service officers alleging that they were personally liable for their actions in connection with Singh's unlawful deportation. All defendants moved for summary judgment based on either qualified or quasi-judicial immunity. The district court agreed with defendants and entered judgment in their favor. Singh timely appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.[1]

■ We first address Marian's and Morales's claims of qualified immunity. In order for an official to be stripped of his or her qualified immunity, "the right the official is alleged to have violated must have been 'clearly established' [so that] ... [t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he [or she] is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). Singh has failed to present any authority, or any evidence, to support his contention that either Marian or Morales has violated any of his clearly established constitutional rights.

■ We now turn to Magee's and Andrew's claims of quasi-judicial immunity. Quasi-judicial immunity protects an officer who lawfully executes a valid court order. *See Coverdell v. Department of Soc. and Health Servs.*, 834 F.2d 758, 764–65 (9th Cir.1987). Furthermore, "[a]n absolute immunity [defense] defeats a suit at the

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. The parties are familiar with the facts and we do not repeat them here.

outset, so long as the official's actions were within the scope of the immunity." *See Imbler v. Pachtman,* 424 U.S. 409, 419 n. 13, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). The undisputed facts showed that the manner of execution of the deportation warrant and the status of the deportation order at the time of Singh's placement in the aircraft entitled Magee and Andrews to absolute, quasi-judicial immunity.

Because the district court did not err in granting summary judgment on the basis of defendants' qualified and quasi-judicial immunity, the judgment is AFFIRMED.